UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,

v.

CLOUD NINE HOOKAH LOUNGE, INC., a Michigan Corporation, AND NAJAH DABAJEH, individually,

    Defendants.
_____/

Case No. 14-12238

Honorable Nancy G. Edmunds

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [22]

Plaintiff, J & J Sports Productions, Inc., filed this complaint against Defendants, Cloud Nine Hookah Lounge, Inc. ("Cloud Nine"), and its principal, Najah Dabajeh, asserting claims under the Communications Act of 1934 ("Communications Act"), 47 U.S.C. §§ 553, 605, and the state law tort of conversion. Currently before the Court is Plaintiff's motion for leave to file its first amended complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff seeks leave to add two counts: (1) negligent hiring, retention and supervision against Najah Dabajeh and Cloud Nine; and (2) violation of the Michigan Uniform Fraudulent Transfer Act, Mich. Comp. Laws 566.31, *et seq.* ("UFTA"). Additionally, Plaintiff seeks leave to join Cloud Nine Heads2Go, Inc. ("Cloud Nine Heads2Go") and Hussein Dabajeh as defendants to all counts, with the exception of the negligent hiring claim. For the reasons stated below, the Court grants in part and denies in part Plaintiff's motion.

I.  Facts

On June 5, 2014, Plaintiff filed this piracy action alleging that Defendants broadcasted the "Manny Pacquiao v. Timothy Bradley, WBO Championship Fight" at Cloud Nine without obtaining the requisite commercial license. (Compl. ¶¶ 12, 14). The program aired on June 9, 2012. (Compl. ¶ 12). In its original complaint, Plaintiff asserted two claims under the Communications Act and one claim for common law conversion.

Plaintiff now comes before the Court requesting leave to file its first amended complaint. (Dkt. 22). In the instant motion, Plaintiff alleges that further investigation revealed a business operating under the name Cloud Nine Heads2Go, Inc. ("Cloud Nine Heads2Go"). According to Michigan Department of Licensing and Regulatory Affairs records, Cloud Nine Heads2Go was incorporated on July 7, 2014 by Hussein Dabajeh, Najah Dabajeh's son. (Mot. Ex. 5, 6). Plaintiff alleges that Cloud Nine Heads2Go began operations in November 2014, five months after this suit was commenced. Plaintiff alleges that Defendants transferred assets from Cloud Nine--which, according to an affidavit of Najah Dabajeh, went out of business in 2014--to Cloud Nine Heads2Go in order to shield those assets from this action. (Mot. Ex. 4).

According to Plaintiff, Cloud Nine Heads2Go is located three blocks from Hussein Dabajeh and/or Najah Dabajeh's residence and six miles from the former location of Cloud Nine. (Mot. p. 3). Plaintiff also maintains that the "Cloud Nine" graphic in the Heads2Go logo is identical to the graphic used in the defunct Cloud Nine hookah lounge's logo. (Mot. p. 4-5). Moreover, both businesses allegedly involve retail distribution of hookahs and hookah-related products. (Mot. p. 5). Plaintiff also references the fact that Najah Dabajeh and Cloud Nine defended a similar suit alleging Communications Act violations and

conversion in 2012. *See Joe Hand Promotions Inc. v. Cloud Nine Hookah Lounge, Inc.*, No. 12-cv-13788 (E.D. Mich.) (Am. Compl. ¶ 18).

Plaintiff now seeks leave to add claims for: (1) negligent hiring, retention and supervision against Najah Dabajeh and Cloud Nine; and (2) violation of the UFTA §§ 566.34 and 566.35 against Najah Dabajeh, Hussein Dabajeh, Cloud 9 and Cloud 9 Heads2Go. Plaintiff further seeks leave to name Cloud Nine Heads2Go and Hussein Dabajeh as defendants in all counts with the exception of the negligent hiring claim.

## II.  Standard of Review

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. A motion to amend a complaint, however, should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178, 83 (1962). Prejudice may result from delay, but "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).

## III.  Analysis

Defendants contend that Plaintiff's proposed amendments would be futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst., L.L.C. v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

3

### A. Addition of Proposed Defendants Cloud Nine Heads2Go and Hussein Dabajeh to Communications Act and Conversion Claims

Defendants contend that adding Hussein Dabajeh and Cloud Nine Heads2Go as defendants to the claims for violations of the Communications Act and conversion would be futile because such claims would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). With respect to Cloud Nine Heads2go--a corporate entity that was not in existence until at least two years after the underlying violations--the Court agrees.[1] Indeed, Plaintiff has not addressed this rather glaring issue and does not attempt to persuade the Court why it would be appropriate to add Cloud Nine Heads2Go at this late juncture. The Court accordingly denies the motion to add Cloud Nine Heads2Go to Counts One, Two and Three.

Plaintiff has alleged, however, that Hussein Dabajeh as an employee or otherwise acting with Defendants' permission, took part in the alleged violations of the Communications Act. (Am. Compl. ¶ 17). Plaintiff further alleges that the violations "were done wilfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain." (*Id.* at ¶¶ 17-18). "Courts in this district and elsewhere have held that to state a claim against an individual under § 605 or § 553, a plaintiff must allege facts establishing that the individual had a right and ability to supervise the infringing activities and that the individual had a direct financial interest in those same activities." *J & J Sports Prods., Inc. v. Matti*, No. 13-13963, 2015 WL 143932, at *3 (E.D. Mich. Jan. 12, 2015). Defendants point to case law that in fact bolsters the argument to join Hussein Dabajeh as

---

[1] Plaintiff may seek redress for any fraudulent transfer of assets to Cloud Nine Heads2Go under the UFTA, which the Court addresses *infra* in its analysis of Plaintiff's proposed amended Count Five.

a defendant to these claims. Defendants cite *J & J Sports Prod., Inc. v. 291 Bar and Lounge*, 648 F. Supp. 2d 469, 473 (E.D.N.Y 2009) in support of their position that the allegations here are inadequate. In that case, the Court refused to hold an individual defendant liable on a default judgment where the sole allegation was that he was the owner of the bar where the program was aired. *Id.* As the amended complaint makes clear, however, Hussein Dabajeh may have authorized and profited from the illegal broadcast at Cloud Nine, thus satisfying the pleading requirements. *See id.*; *Joe Hand Productions, Inc. v. Cain*, No. 06–12213, 2006 WL 2466266, at *2 (E.D. Mich. Aug. 24, 2006) ("proof of the mere right and ability to supervise infringing activities is enough to hold an individual liable under 47 U.S.C. §§ 553 and 605"). Further, the amended complaint alleges that both Najah Dabajeh and Hussein Dabajeh were involved in a prior violation of the Communications Act.

Additionally, Defendants do not contest that Hussein Dabajeh should be added to the state law conversion claim. Common law conversion is defined as "the intentional and distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Devon Indus. Grp., LLC v. Demrex Indus. Servs., Inc.*, No. 11-10313, 2012 WL 4839013, at *5 (E.D. Mich. Oct. 11, 2012). It does not appear that this amendment would be futile, as the facts of the conversion count are identical to those of the Communications Act violations. Therefore, the Court grants Plaintiff leave to amend the complaint to add Hussein Dabajeh as a defendant to Counts One, Two and Three.

    **B. Proposed Addition of Count Four**: **Negligent Hiring, Supervision and Retention as to Najah Dabajeh and Cloud Nine**

In the proposed count for negligent hiring, supervision and retention, Plaintiff alleges

5

that Najah Dabajeh and Cloud Nine breached a duty of care to train, supervise or otherwise prevent employees from violating the Communications Act. In response, Defendants incorrectly rely on the theory of vicarious liability to establish the futility of this claim, blurring the distinction between direct and vicarious liability. "[T]he negligent retention theory . . . alleges . . . a claim that [d]efendants, as employers, are liable for their own negligent act of retaining an employee that should have been dismissed. This is a direct liability claim." *White v. Emergency Medicine Billing & Coding Co.*, No. 11-14207, 2013 WL 4551919, at *4 (E.D. Mich. Aug. 28, 2013). The claim here is one of direct liability for Defendants' conduct (specifically, the alleged failure to train employees following a previous violation of the Communications Act), rather than an attempt to shift an employee's liability onto Defendants under a vicarious liability theory.

The Court further disagrees with Defendants that the pleading is inadequate to state a claim. Plaintiff alleges that Cloud Nine had previously breached the Communications Act and in fact defended a suit in that regard. Plaintiff further asserts that Cloud Nine did not take adequate steps to prevent a second violation, in particular by failing to supervise Hussein Dabajeh. The Court finds the pleadings sufficient to allow the negligent hiring, retention and supervision claim to go forward.

**C. Proposed Amended Count Five (UFTA Violation against all Defendants)**

Finally, Defendants argue that a claim under the UFTA would be futile. The allegations, however, include sufficient facts to allow the proposed amendment. "The UFTA specifically provides for avoiding a fraudulent transfer or attaching a particular fraudulently transferred asset. Relief under the UFTA determines only the creditor's right to fraudulently transferred property. The court in a UFTA action would transfer directly to the creditor any

property interest that would have been awarded . . . but for the parties' fraud."[2] *Estes v. Titus*, 751 N.W.2d 493, 500-01 (Mich. 2008). "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . with actual intent to hinder, delay, or defraud any creditor of the debtor." Mich. Comp. Laws 566.34(2); *Szkrybalo v. Szkrybalo*, No. 05-504675-CZ, 2007 WL 1575262, at *2 (Mich. Ct. App. May 31, 2007). The UFTA enumerates several factors for determining whether there is actual intent to hinder, delay or defraud. *Id.* These factors include whether the transferee was an "insider," and whether when the transfer was made, the debtor had been sued or threatened with suit. Mich. Comp. Laws 566.34(2)(a),(d). "Section 566.35 defines a cause of action where the creditor's claim against the debtor arose before the fraudulent transfer and the debtor was insolvent or did not receive a reasonably equivalent value, or if the transfer was made to an insider, the debtor was insolvent and the transferee knew the debtor was insolvent." *Bennett v. United States*, No. 09-12352, 2010 WL 5114331, at *5 (E.D. Mich., Dec. 9, 2010).

Here, Plaintiff alleges a transfer of Cloud Nine's assets to Cloud Nine Heads2Go, affected by Najah Dabajeh and Hussein Dabajeh. Plaintiff asserts that this transfer took place in the months immediately following the commencement of this suit and in fact may be ongoing. Plaintiff further alleges that Hussein Dabajeh is an insider, as he is a relative of Najah Dabajeh. Mich. Comp. Laws 566.31(g)(i)(A). These allegations contain several "badges of fraud" and thus satisfy the standard for granting the instant motion with regards

---

[2] The UFTA imposes liability only to the extent that Cloud 9 Heads2Go, an alleged transferee, improperly benefitted from the asset transfer of Cloud Nine.

to Count Five. *See Szkrybalo*, 2007 WL, at *2.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's motion. The Plaintiff is permitted to amend the complaint to add Hussein Dabajeh as a party defendant to Counts One, Two, and Three. In addition, the complaint may be further amended to include claims for (1) a violation of the UFTA against Cloud Nine, Cloud Nine Heads2Go, Hussein Dabajeh and Najah Dabajeh; and (2) negligent hiring, retention and supervision against Najah Dabajeh and Cloud Nine. The motion is DENIED in all other respects. The Court directs Plaintiff to file its first amended complaint within ten (10) days of the entry of this Order.

IT IS SO ORDERED.

Date: <u>April 28, 2015</u>

<u>s/ Nancy G. Edmunds</u>
U.S. District Judge

## CERTIFICATION

I hereby certify that a copy of this order was served upon counsel of record on this 28th day of April, 2015 by electronic means and/or U.S. Mail.

<u>s/ Carol J. Bethel</u>
Case Manager