UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J&J SPORTS PRODUCTIONS, INC.,

      Plaintiff,                                No. 14-12238

v.                                                 Honorable Nancy G. Edmunds

CLOUD NINE HOOKAH LOUNGE, INC.,
CLOUD NINE HEADS2GO, INC.,
NAJAH DABAJEH, and
HUSSEIN DABAJEH,

      Defendants.
_____/

**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR
ALTERNATE SERVICE OF NOTICE OF JUDGMENT LIEN [59]**

A consent judgment was entered in this matter in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $60,000.00 on October 28, 2016. (ECF No. 47.) A notice of judgment lien was filed against Defendant Najah Dabajeh on February 8, 2022. (ECF No. 58.) The matter is now before the Court on Plaintiff's ex parte motion for alternate service of that notice. (ECF No. 59.) For the reasons set forth below, the Court DENIES Plaintiff's motion without prejudice.

**I.    Legal Standard**

The execution of a money judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Under Michigan law, "[i]f the judgment that is the subject of the judgment lien is for $25,000.00 or more, a copy of a notice of judgment lien that has been certified under subsection (1) shall be personally served on the judgment debtor

1

and proof of service filed with the court that issued the judgment." Mich. Comp. Laws § 600.2805(4). Michigan law also provides that "[o]n a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1).

## II. Analysis

Here, Plaintiff retained the services of a process server to effectuate service of a notice of judgment lien. According to the service report, after Defendant's given address was confirmed through "[p]eople finder databases and skip tracing efforts," the process server made a single attempt of service at that address but there was no answer at the door or movement in the home. (ECF No. 59, PageID.541.) The process server states he then made a phone call that was answered by Defendant's son. Her son told the process server that Defendant is currently overseas but that he would pass on the phone number to his father (Defendant's husband). Based on this affidavit, Plaintiff moves for permission to serve Defendant with a notice of judgment lien by certified USPS mail at her home address.

The Court finds the efforts described in the affidavit insufficient to establish that service cannot reasonably be made as set forth in Michigan law or that the proposed alternate method is likely to give actual notice. While the affidavit states the process server was told Defendant is currently overseas, there is no indication as to when she will return home or that she cannot be personally served in the near future. Thus, the Court will deny Plaintiff's motion for alternate service at this juncture. *See Dow Chem. Co. v.*

*Rheinhard*, No. 07-12012-BC, 2007 U.S. Dist. LEXIS 37087, at *3-4 (E.D. Mich. May 22, 2007) (denying a motion for alternate service where the defendant was traveling and there was "no indication or recitation that he is attempting to evade service or that he will not return home in the foreseeable future"). Plaintiff may renew its request upon submission of more detailed affidavits and evidence establishing that service cannot be made by the prescribed means and that the proposed alternate method is likely to give actual notice.

### III. Conclusion

For the reasons set forth above, Plaintiff's ex parte motion for alternate service of notice of judgment lien is DENIED without prejudice.

SO ORDERED.

          s/Nancy G. Edmunds
          Nancy G. Edmunds
          United States District Judge

Dated: April 6, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 6, 2022, by electronic and/or ordinary mail.

          s/Lisa Bartlett
          Case Manager